## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THIS DOCUMENT RELATES TO:** | **MDL DOCKET NO. 875** |
| *DIANNE JACOBS V.*<br>*OWENS-ILLINOIS, INC., ET AL.* | |
| | **13-CV-60011** |
| *CINDY ZICKERT V.*<br>*BAYER CROP SCIENCE INC., ET AL* | **13-CV-60013** |
| *HARVEY HELMS V.*<br>*3M COMPANY, ET AL.* | **13-CV-60018** |
| *BRIAN HECKEL V.*<br>*3M COMPANY, ET AL.* | **13-CV- 60019** |

## MEMORANDUM IN SUPPORT OF WEYERHAEUSER'S MOTION FOR RETURN OF DOCUMENTS IMPROPERLY OBTAINED OUTSIDE OF DISCOVERY, INCLUDING PRIVILEGED, CONFIDENTIAL AND PROPRIETARY DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 16 and 26(b)(5)(B) and the Court's inherent authority to remedy discovery process violations, Weyerhaeuser Company ("Weyerhaeuser") respectfully requests that this Court order Plaintiffs to immediately return Weyerhaeuser's documents obtained outside the discovery process.

### INTRODUCTION

At the March 12, 2014 deposition of former Weyerhaeuser employee Jerry Saindon, Plaintiffs produced for the first time in this litigation a set of documents purportedly taken from Weyerhaeuser by Mr. Saindon when he left the company in 1993 ("CVLO File").[1]  Plaintiffs represented that the CVLO File had been provided to CVLO by Mr. Saindon more than ten years

---

[1] The CVLO File is attached as Exhibit A and a corresponding privilege log is attached as Exhibit B.  Pursuant to the Court's March 28, 2014 Order, these have been submitted to Plaintiffs' counsel and the Court for *in camera* review.

ago in a previous case involving Weyerhaeuser called *Rogers* which had been filed by Mr. Saindon's daughter and son-in-law.

Counsel for Weyerhaeuser reviewed the CVLO File before the deposition began and discovered numerous privileged, confidential, and proprietary documents. Counsel for Weyerhaeuser informed Plaintiffs that the CVLO File had not been produced before the deposition, that it contained privileged, confidential, and proprietary information, and that the deposition could either be shut down or proceed with the agreement that none of the privileged, confidential, or proprietary documents would be used at or made exhibits to the deposition. Plaintiffs chose to proceed with the deposition subject to the agreement.[2]

Mr. Saindon admitted that he took the file from Weyerhaeuser without permission and testified that he did not know the file contained privileged and confidential information.[3] Further, Mr. Saindon acknowledged that the CVLO File was a copy brought to the deposition by Plaintiffs' counsel, that he had not compared his original file to the CVLO File, and that he could not verify whether the CVLO File was in fact a copy of his original file.[4]  At the end of the deposition, Mr. Saindon agreed to return his original file to Weyerhaeuser.[5]

Immediately after the deposition ended, Counsel for Weyerhaeuser contacted Mr. Saindon and obtained from him the original file that was taken from Weyerhaeuser ("Original

---

[2] "MR. MCCOY: Before we start, we have an agreement that what's going to be identified as Exhibit No. 4, which are documents that Mr. Saindon had from when he worked at Weyerhaeuser, that these -- this group of documents is going to be kept confidential until there can be some determination by the Court, at the request of Weyerhaeuser's counsel, as to whether there's privileged material within this.  And he won't be questioned about the contents of any document that Weyerhaeuser today believes to be privileged. MS. ELLIS: And this is Tanya Ellis for Weyerhaeuser. I'll just add for the record that these documents were not produced to counsel, at least counsel for Weyerhaeuser, before today's deposition and that it remains to be questioned where this set of documents came from. And so the documents will remain privileged and confidential until we get a court order saying otherwise." Ex. C at 6:4-25.
[3] *Id.* at 42:5-19.
[4] *Id.* at 45:17-50:18.
[5] *Id.* at 143:6-14.

File").[6]  After reviewing the Original File and comparing it to the (1) CVLO File produced at the March 12, 2014 Saindon deposition; (2) documents used at Saindon's 2003 deposition in the *Rogers* case ("2003 File");[7] and (3) hundreds of pages of documents produced by Plaintiff in Rule 26 disclosures, several very troubling facts were discovered:

- The Original File contained numerous documents purportedly produced by Mr. Saindon to CVLO that were <u>not</u> included in the CVLO File or the 2003 File, and that had not otherwise been produced in discovery.  Further, the Original File contained privileged, confidential, and proprietary information taken from Weyerhaeuser without its knowledge or consent.[8]

- The CVLO File contained documents that were <u>not</u> in the Original File and that had not otherwise been produced in discovery.  The source of these documents is unknown.[9]  Further, many of the documents in the CVLO File are privileged and confidential.[10]

- In Plaintiffs' Rule 26 Disclosures, Plaintiff included a file titled "Saindon File – 11-7-01 by Sara Rogers" ("Rule 26 File") that contains a cover letter from Mr. Saindon's daughter purportedly sending these documents to Plaintiffs' counsel in the *Rogers*

---

[6] The Original File is attached as Exhibit D and a corresponding privilege log is attached as Exhibit E.  Pursuant to the Court's March 28, 2014 Order, these have been submitted to the Court for *in camera* review.  Because the Original File contains information that may not have been previously disclosed, including privileged and confidential information, Weyerhaeuser produced only the privilege log (Ex. E) to Plaintiffs' counsel.

[7] The 2003 File is attached as Exhibit F and is being provided along with the other files to Plaintiff's Counsel and the Court for *in camera* review.

[8] *See* Ex. E.

[9] Plaintiffs included some of the documents in the CVLO File among Plaintiffs' initial disclosures, but only at Mr. Saindon's March 12, 2014 deposition did Plaintiffs present these documents as having been obtained from Mr. Saindon. Given the actual contents Mr. Saindon's Original File, the true origin of multiple documents in the CVLO file is unknown.

[10] *See* Ex. B.

case in 2001.[11]  <u>This Rule 26 File, however, is completely different from and bears no resemblance whatsoever to either the CVLO File, the 2003 File, or the Original File.</u>[12] The file contains documents from departments in which Mr. Saindon never works and documents that post-date Mr. Saindon's employment with Weyerhaeuser.[13]  While the source of the Rule 26 File is unknown, it clearly did <u>not</u> come from Mr. Saindon. Further, the Rule 26 File is unrelated to Plaintiffs' claims against Weyerhaeuser and contains privileged, confidential, and proprietary information.

- The chart attached as Exhibit I compares the various versions of the Saindon files and illustrates the glaring discrepancies among the files.

On March 17, 2014, Weyerhaeuser sent Plaintiffs' counsel a letter,[14] and, pursuant to Rule 26(b)(5)(B) and other applicable law, requested the immediate return of all documents provided to CVLO by Mr. Saindon, as well as any other privileged, confidential, or proprietary information in CVLO's possession, custody, or control.  Weyerhaeuser further requested that CVLO cease review of the documents and take all reasonable steps to retrieve documents if disclosed to others prior to the written notification.[15]  Plaintiffs' counsel did not respond to the letter.

Despite Weyerhaeuser's request, and Plaintiffs' counsel agreement not to use the privileged documents at the March 14th Saindon deposition, Plaintiffs' counsel attempted to use as exhibits two of the privileged documents contained in the CVLO File at the March 19, 2014

---

[11] The Rule 26 File is attached as Exhibit G and a corresponding privilege log is attached as Exhibit H.  Pursuant to the Court's March 28, 2014 Order, these have been submitted to Plaintiffs' counsel and the Court for *in camera* review.

[12] The number of pages alone reveals the difference – the Rule 26 File contains approximately 972 pages; the CVLO File contains 333 pages; and the Original File contains approximately 463 pages.

[13] Generally, the Rule 26 File contains documents related to research and development, a department in which Mr. Saindon never worked.  Ex. C at 44:8-21.

[14] 3/17/2014 ltr. to CVLO, attached as Exhibit J.

[15] *Id.*

deposition of Joe Wendlick.  Weyerhaeuser's counsel objected to the use of the documents and instructed the witness not to answer any questions about the documents.[16]  Neither document was discussed or attached as an exhibit to the deposition.

Thereafter, pursuant to the Scheduling Order in these matters, Weyerhaeuser submitted a letter to the Court requesting an order that Plaintiffs immediately return the files, stop using and disclosing the information therein, and take all reasonable steps to retrieve all copies disclosed to third parties.[17]  The Court conducted a telephonic hearing on March 27, 2014, and ordered Weyerhaeuser to file the instant motion and fully brief these issues.  Further, the Court ordered Plaintiff's counsel not to use or disclose any of the documents at issue until the Court resolves this motion.

**ARGUMENT**

I.  **PlaintiffAll Weyerhaeuser Documents Obtained Outside Discovery Should Be Immediately Returned To Weyerhaeuser.**

Plaintiffs should not be allowed to retain and benefit from information contained in Weyerhaeuser's documents that they obtained outside the discovery process.  Plaintiffs should be compelled to immediately return to Weyerhaeuser:  (1) the CVLO File; (2) the Original File; (3) the Rule 26 File; and (4) and any other Weyerhaeuser documents obtained outside of the discovery process, including all privileged, confidential, and proprietary information.  Further, Plaintiffs should be required to disclose the source of all documents obtained outside of discovery and prohibited from using any of these documents unless and until they are properly requested and received in the course of discovery.

A.  **The Plaintiffs Improperly Obtained Weyerhaeuser Documents By Circumventing The Discovery Process.**

---

[16] The transcript of Mr. Wendlick's deposition is not yet available.  Weyerhaeuser will supplement this record as soon as it is received.
[17] 3/25/2014 ltr. to Judge Strawbridge, attached as Exhibit K.

The The documents at issue were not produced by Weyerhaeuser in this or any other litigation, and, upon information and belief, were not produced pursuant to any subpoena or open records request to a third party.  In short, these documents were obtained by circumventing the discovery process and, thereby, foreclosing Weyerhaeuser's ability to protect its privileged, confidential, and proprietary documents or to otherwise object to the production of the documents.  Such conduct is improper and exactly what the Rules of Civil Procedure are designed to prevent.  *Adams v. Shell Oil Co. (In re Shell Oil Refinery),* 143 F.R.D. 105, 108 (E.D. La. 1992) (noting that plaintiff's receipt of defendant's proprietary documents from an unknown employee of defendant outside the discovery process "was inappropriate and contrary to fair play"); *see also United States v. Comco Mgmt. Corp*., Case No. SACV 08-0668-JVS (RNBx), 2009 U.S. Dist. LEXIS 118336, at *8, 11 (C.D. Cal. 2009); *Furnish v. Merlo*, Case No. 93-1052-AS, 1994 U.S. Dist. LEXIS 8455, at *24, 27 (CCH) P57, 755 (D. Or. June 8, 1994) (concluding that plaintiff's "attorneys' retention and use of the [privileged] memo was improper" when they knew plaintiff obtained it from her employer without authorization); *Herrera v. Clipper Group, L.P*., Case No. 97-CIV-560 (SAS),1998 U.S. Dist. LEXIS 6454, at *5 (S.D.N.Y. May 5, 1998) ("The discovery process is not meant to be supplemented by the unlawful conversion of an adversary's proprietary information.").  If a party wants documents and other information, "she must request them from Defendant via discovery."  *Bedwell v. Fish & Richardson* P.C., Case No. 07-CV-0065-WQH (JMA), 2007 U.S. Dist. LEXIS 88595, at *3, (S.D. Cal. Dec. 3, 2007).

As demonstrated by the ever-changing "Saindon file," Weyerhaeuser has no way of verifying or questioning the source or contents of the documents, or knowing how or when they

were obtained or produced.  Under these circumstances, Plaintiffs can make the Saindon file anything they want it to be, which is exactly what has occurred.[18]

The most egregious example is the Rule 26 File.  Plaintiffs have attempted to mask this file as that taken by Mr. Saindon when he left the company and produced in the *Rogers* case. The Rule 26 File, however, did <u>not</u> come from Mr. Saindon and, upon information and belief, was <u>not</u> produced in the *Rogers* case.  Further, and most importantly, the Rule 26 File contains privileged, confidential, and proprietary information that was produced without Weyerhaeuser's knowledge or consent. In fact, multiple documents are clearly privileged on their face and should have been returned to Weyerhaeuser upon receipt.[19]  Rather than return them, Plaintiffs kept the documents and attempted to launder them by placing them in a mislabeled file amidst hundreds of pages of documents in their Rule 26 disclosures.  Tellingly, Plaintiffs have offered no explanation for the discrepancies among the files and have not disclosed the source of the Rule 26 File.[20]

Because Plaintiffs improperly obtained Weyerhaeuser documents outside of discovery, including privileged, confidential, and proprietary information, and improperly used and disclosed the information, the Court should require Plaintiffs to immediately return all such documents to Weyerhaeuser and to disclose the source of the documents.

**B.     The Court Has Inherent Authority To Order Plaintiffs To Return All Documents Obtained Outside Discovery.**

---

[18] *See* Ex. I.

[19] *See* Ex. G at 0073 (stating that the file was last reviewed in connection with litigation); 0106 (from the "Law Department" regarding a complaint and the company's response thereto).  At the very least, this "would raise red flags for any reasonable attorney under the circumstances presented."  *Burt Hill, Inc. v. Hassan*, Case No. 09-1285, 2010 U.S. Dist. LEXIS 7492, at * 12, 18 (W.D. Pa. Jan. 29, 2010); s*ee also Furnish,* 1994 U.S. Dist. LEXIS 8455, at *23, 24 (noting that instead of  "ignor[ing] the express claim of privilege on the document" plaintiff's counsel should have "refrain[ed] from further examination of [the memo] and immediately return[ed] the memo").

[20] On March 27, 2014, after the telephonic hearing with Judge Strawbridge, counsel for Weyerhaeuser emailed CVLO and once again asked for the source of the Rule 26 File.  3/27/2014 email from T. Ellis to B. McCoy, attached as Exhibit L.  CVLO did not respond.

where a party skirts the discovery process to obtain documents, the court has inherent

authority to, among other things, order the return of the documents and preclude the receiving

party from using the information. *Burt Hill, Inc. v. Hassan*, Case No. 09-1285, 2010 U.S. Dist.

LEXIS 7492, at * 12, 18 (W.D. Pa. Jan. 29, 2010); *In re Shell Oil Refinery*, 143 F.R.D. at 108

("Federal courts have authority to remedy litigation practices that threaten judicial integrity and

the adversary processes."); *Comco Mgmt. Corp.*, 2009 U.S. Dist. LEXIS 118336, at *11 ("The

Court therefore rules that it does have inherent authority to grant defendants appropriate relief to

remedy the Government's circumvention of the normal discovery process. . . ."); *Bedwell*, 2007

U.S. Dist. LEXIS 88595, at *3 (ordering the return of confidential documents plaintiff took from

her former employer without authorization); *Furnish*, 1994 U.S. Dist. LEXIS 8455, at *28 ("This

court has the inherent power to penalize discovery abuse."); *Herrera*, 1998 U.S. Dist. LEXIS

6454, at *4-5 ("It has long been recognized that courts have inherent equitable authority over

their own process, to prevent abuses, oppression, and injustices. . . . This authority includes the

power to sanction parties who attempt[] to use in litigation material improperly obtained outside

the discovery process. (internal citations omitted)).

In *Burt Hill,* the court ordered the return of all copies of documents received from an

anonymous source, reasoning that "[u]nder the circumstances, restricting sanctions to the return

of privileged documents would be to impose no meaningful sanction at all." *Burt Hill,* 2010 U.S.

Dist. LEXIS 7492, at * 30. The court also noted that the "sanction must be sufficient to maintain

the integrity of the judicial process and discourage future litigants and counsel from engaging in

similar conduct. In this case, the appropriate sanction is to prohibit [the party] from in any way

benefiting from their retention and review of [opposing party's] privileged and confidential

materials." *Id.* at *22, 23.

the discovery process. By circumventing discovery, Plaintiffs prevented Weyerhaeuser from protecting privileged and confidential information or otherwise objecting to the production of its documents.  Further, because the documents were obtained improperly, the true source and contents of the various files is unknown.  If Plaintiffs want the documents they "must request them from Defendant via discovery."  *Bedwell,* 2007 U.S. Dist. LEXIS 88595, at *3.   After such return, Plaintiffs may then properly request documents from Weyerhaeuser through the discovery process.  *Id.*

### C.    Plaintiffs Should Be Required To Disclose The Source Of All Documents Obtained Outside Discovery.

discussed above, the source of the various documents and files is unknown.  While it appears that Mr. Saindon provided some portion of his Original File to CVLO, exactly what he gave them and when is unclear.  Plaintiffs have presented multiple versions of the file and represented that numerous documents were provided by Mr. Saindon in the *Rogers* case, *including the entire 972-page Rule 26 File*, when in fact they were <u>not</u>.  When, where, and how Plaintiffs came into possession of these documents is unknown, yet Plaintiffs wish to use them in discovery.  Disclosure of the source of these documents is essential to Weyerhaeuser's defense in these cases and ability to prevent further improper production of Weyerhaeuser's documents.

### CONCLUSION

its inherent authority and pursuant to Federal Rules of Civil Procedure 26(b)(5)(B), Weyerhaeuser respectfully requests that this Court order Plaintiffs to immediately: (1) return to Weyerhaeuser the CVLO File, the Rule 26 File, and any other documents received from Mr. Saindon, including the originals and all copies;  (2) return any other Weyerhaeuser documents received outside of the discovery process, including all privileged, confidential, and proprietary information; (3) disclose the source of the aforementioned documents; (4) not use or disclose any

9

of the aforementioned documents; and (5) take all reasonable steps to retrieve the aforementioned documents if disclosed to others. In light of the foregoing, the Court should prohibit Plaintiffs from using any documents in discovery or at trial that were obtained outside of discovery.

Respectfully Submitted this 31 day of March, 2014

Counsel for Weyerhaeuser Company,

s/Tanya D. Ellis
Tanya D. Ellis (MS Bar No. 101525)
Joshua J. Metcalf (MS Bar No. 100340)
Walter Garner Watkins, III (MS Bar No. 100314)
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100 (39201)
Post Office Box 22608 (39225-2608)
Jackson, Mississippi
Phone:  (601) 960-8600
Facsimile: (601) 960-8613
Email:  ellistd@fpwk.com
Email:  metcalfjj@fpwk.com
Email:  watkinstg@fpwk.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2014, I electronically filed the foregoing Memorandum in Support of Weyerhaeuser Company's Motion for Return of Documents Improperly Obtained Outside Discovery, Including Privileged, Confidential, and Proprietary Documents with the Clerk of the Court of the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

/s/ Tanya D. Ellis
Tanya D. Ellis (MS Bar No. 101525)