Case 2:13-cv-60019-ER Document 40 Filed 04/07/14 Page 1 of 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| This Order Relates to: | : | E.D. Pa. Nos. |
| | : | |
| Jacobs v. Owens-Illinois Inc., et al. | : | 13-60011 |
| Zickert v. Bayer Crop Sci. Inc., et al. | : | 13-60013 |
| Helms v. A.W. Chesterton Co., et al. | : | 13-60018 |
| Heckel v. A.W. Chesterton Co., et al. | : | 13-60019 |

FILED
APR - 7 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 7th day of April, 2014, following upon our March 27, 2014 order (i.e. 13-60011 Doc. 60) seeking plaintiffs' counsel's input on an appropriate response period for "Weyerhaeuser Company's Motion for Return of Documents Improperly Obtained Outside Discovery, Including Privileged, Confidential and Proprietary Documents" (i.e. 13-60011 Doc. 63), having received that input in an April 2, 2014 email, and after a recorded teleconference on this date, it is hereby **ORDERED** that plaintiffs shall respond to Weyerhaeuser's motion **no later than April 25, 2014**.[1] If necessary, Weyerhaeuser may file a reply **by April 30, 2014**.

The court recognizes that the remaining deadlines in these cases may need to be further amended as they relate to the claims against Weyerhaeuser.[2] If necessary, we will amend those deadlines once the issues raised in Weyerhaeuser's motion are resolved.

BY THE COURT:

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs' counsel have represented that the material Weyerhaeuser seeks to protect was revealed to Weyerhaeuser eleven years ago during a deposition and that, additionally, Weyerhaeuser provided many of the documents to counsel. While we acknowledge Weyerhaeuser's claim that these documents were not disclosed to it in this format prior to the March 12, 2014 deposition of Jerry Saindon, we caution Weyerhaeuser that should the evidence show that the documents, or significant portions of them, were in fact previously disclosed without restriction or objection as may be relevant to the question of waiver, plaintiffs' counsel may be entitled to fees and costs associated with their opposition.

[2] The original scheduling orders were entered in these cases between October 28 and 31, 2013, (e.g. 13-60011 Doc. 49), and were amended, expanding the deadlines by one month, on February 27, 2014. (E.g. 13-60011 Doc. 57).